IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Marcus Antonio Frierson, #247864, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 1:09-00094-DCN-SVH |
| | ) | |
| vs. | ) | |
| | ) | |
| Warden W. Bell, Capt. Hughes, Sgt. Malcom X. Williams, Sgt. G. Toney, R. Hilton, B. Obvermen, Lt. E. Mims, John Ozmint, | ) ) ) ) | **ORDER AND OPINION** |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on United States Magistrate Judge Shiva V. Hodges's Report and Recommendation (R&R) that this court deny plaintiff's and defendants' cross-motions for summary judgment. Plaintiff, proceeding pro se and *in forma pauperis*, alleges civil rights violations pursuant to 42 U.S.C. § 1983. Defendants filed a motion for summary judgment, arguing that plaintiff failed to exhaust available administrative remedies, properly serve a number of defendants, state claims on which relief can be granted, and plead facts sufficient to support his complaint. Plaintiff also moved for summary judgment. For the reasons set forth below, this court partially adopts and partially rejects the magistrate judge's recommendations. The court grants defendants' motion for summary judgment regarding the claims against defendants Sgt. G. Toney and Capt. Hughes and denies plaintiff's motion for summary judgment, as well as defendants' motion for summary judgment as to all other claims.

1

# I. BACKGROUND

On January 19, 2009, plaintiff filed a complaint in federal court, alleging that defendants violated his civil rights under 42 U.S.C. § 1983 by threatening, assaulting, and conspiring to assault him; paying or bribing other inmates to assault him; withholding his mail; placing his life in grave danger; withholding a meal; retaliating against him; and using other cruel and unusual punishment at the Lee County Correctional Center (LCCC). Plaintiff seeks relief in the form of $3,500,000 and early release from prison.

Defendants filed a motion for summary judgment on October 22, 2009, arguing that defendants W. Bell and J. Ozmint cannot be held liable on a *respondeat superior* basis; all defendants are entitled to Eleventh Amendment immunity and qualified immunity; and plaintiff failed to exhaust administrative remedies by neglecting to appeal his complaint to an Administrative Law Judge (ALJ), properly serve defendants Sgt. G. Toney and Capt. Hughes, state a claim which entitles plaintiff to injunctive relief, and state claims on which relief can be granted. Plaintiff filed a cross-motion for summary judgment on October 30, 2009. Plaintiff was provided with copies of defendants' summary judgment motion, along with an explanation of dismissal and summary judgment procedure as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff subsequently submitted a memorandum of law and exhibits, opposing defendants' summary judgment motion.

On July 7, 2010, the magistrate judge filed an R&R, recommending that this court deny both cross-motions for summary judgment. The magistrate judge addressed the exhaustion objection by explaining that an inmate is not required to seek review by an

ALJ. Defendants filed objections to the R&R, arguing, in substance: 1) plaintiff failed to exhaust his administrative remedies, 2) defendants Sgt. G. Toney and Capt. Hughes did not receive proper service, and 3) plaintiff failed to state claims and allege facts on which relief can be granted. Defendants elaborated on the argument that plaintiff failed to exhaust administrative remedies by stating that plaintiff had not only failed to appeal to an ALJ but had also failed to accomplish other steps required by law. Plaintiff replied to these objections on August 20, 2010. Plaintiff did not object to the magistrate judge's recommendation to deny plaintiff's motion to strike and motion for a discovery conference.

Plaintiff submitted Inmate Grievance Step 1 Form (Step 1) No. 1474-08 on May 14, 2008, alleging that Sgt. G. Toney assaulted him on May 11, 2008. Step 1 No. 1474-08 ¶¶ 1, 3. The grievance also cited Capt. Hughes's involvement in the incident. Id. The Inmate Grievance Committee (IGC) returned this complaint unprocessed because Sgt. G. Toney claimed that plaintiff had threatened him during the incident. Step 1 No. 1474-08 ¶ 4. The IGC required plaintiff to attend a disciplinary hearing concerning Toney's allegation prior to filing a grievance. Id. Plaintiff was found not guilty at the disciplinary hearing and subsequently resubmitted a grievance concerning the event, Step 1 Grievance No. 1765-08. Disc. Rep. and Hr'g R., May 28, 2008. The IGC refused to process this grievance also, stating that plaintiff had incorrectly dated the form. Step 1 No. 1765-08 ¶ 4. The IGC informed plaintiff that the grievance was "closed" with no further explanation. Id. Plaintiff did not file an appeal or resubmit this grievance. M. Coleman Aff. ¶¶ 3, 5.

On October 28, 2008, plaintiff submitted Step 1 Grievance No. 3257-08, alleging that he found his mail in defendant M. Williams's office. Defendant Warden W. Bell denied this complaint on May 26, 2010, because the deprivation was unintentional. Warden Dec. and Reason ¶ 1. Plaintiff appealed the warden's decision to deny his complaint by filing a Step 2 grievance form on June 14, 2010, but he had not received a reply at the time plaintiff and defendants submitted responses to the magistrate judge's R&R. Step 1 No. 3257-08; M. Coleman Aff. ¶ 6.

On November 8, 2008, plaintiff filed Step 1 Grievance No. 3386-08, claiming that defendant Sgt. Williams retaliated against plaintiff for submitting Grievance No. 3257-08 by threatening him and telling other inmates that plaintiff was a "snitch" to incite them to assault plaintiff. Step 2 No. 3386-08 ¶ 1, Attachment. Although plaintiff submitted Grievance No. 3386-08 on November 8, 2008, the IGC did not respond to it until May 14, 2010. M. Coleman verified that plaintiff had not received a response to this grievance when plaintiff filed his complaint in federal court. M. Coleman Aff. ¶ 6.

On January 3, 2009, plaintiff submitted Step 1 Grievance Form No. 0037-09, asserting that defendants Ofc. R. Hilton, Ofc. B. Obverman, and Lt. E. Mims failed to protect plaintiff by placing him back on the "yard" when the officers knew that his life was in grave danger. Step 1 No. 0037-09 ¶ 1. The IGC returned this complaint unprocessed on January 12, 2009, because it was "vague." Id. ¶ 4.

Plaintiff attempted to serve defendants Sgt. G. Toney and Capt. Hughes by serving the LCCC. The evidence indicates that Capt. Hughes and Sgt. G. Toney were no longer with SCDC as of November 30 and December 4, 2008, respectively. Plaintiff did

not attempt other means to serve these defendants. Pl.'s Reply to Def. Obj. 5.

## II. STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific, written objection is made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140 (1985). This court is not required to review, under a de novo standard, or any other standard, the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. at 149-50. A party's general objections are not sufficient to challenge a magistrate judge's findings. Merritt v. Cochran-Youell, 269 F.2d 268, 269 (4th Cir. 2008) (citing Howard v. Sec'y of Heath & Human Srvs., 932 F.2d 505, 508-09 (6th Cir. 1991). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to him with instructions for further consideration. 28 U.S.C. § 636(b)(1).

## III. PRO SE COMPLAINTS

Plaintiff is proceeding pro se in this case. Pro se complaints and petitions should be construed liberally and are held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970 (1978). Courts classify pro se pleadings from prisoners according to their contents, without regard to their captions. United States v. Winestock, 340 F.3d 200, 203

(4th Cir. 2003). A district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act (PLRA) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." Porter v. Nussle, 534 U.S. 516, 524 (2002) (internal citation omitted).

> [T]o properly exhaust administrative remedies, prisoners must "complete the administrative review process in accordance with the applicable procedural rules," rules that are defined not by the PLRA, but by the prison grievance process itself. Compliance with prison grievance procedures . . . . is all that is required by the PLRA to "properly exhaust."

Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford v. Ngo, 548 U.S. 81, 88 (2006)). Plaintiff must exhaust his administrative remedies *prior* to filing a federal complaint. Perez v. Wis. Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) ("[T]he district court lacks discretion to resolve the [inmate's] claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment"); Neal v. Goord, 267 F.3d 116, 123 (2d Cir. 2001).

6

The Inmate Grievance Branch (IGB) requires inmates to file a Step 1 form within fifteen days of an alleged incident and a Step 2 form within five days of receiving a response to Step 1. Penny v. McBride, No. 8:08-2404, 2009 WL 1346126, at *2 (D.S.C. May 13, 2009). If Step 1 is returned to an inmate unprocessed due to procedural errors, the inmate is required to appeal the decision within five calendar days or resubmit a corrected grievance. See Robertson v. S.C. Dep't of Corr., No. 8:09-1333, 2010 WL 679070, at *7 (D.S.C. Feb. 24, 2010) (finding that plaintiff failed to exhaust his administrative remedies because he failed to resubmit or appeal an unprocessed grievance although he had received instruction on how to do so); Rogers v. Bradshaw, No. 2:09-1381, 2010 WL 1303459, at *2 (D.S.C. Apr. 2, 2010). IGB policy requires a warden to respond to a grievance no later than forty days from the date the initial grievance was filed. GA-01.12 ¶ 13.3; Pl.'s Reply to R&R 3. If the inmate submits a Step 2 form, the warden must respond within sixty days. GA-01.12 ¶ 13.5. The only exception to these "time limits" is by "grant" of the IGB "for a specific period of time," but never exceeding 180 days. Id. ¶ 11; Pl.'s Reply to R&R 3.[1]

Exhaustion is an affirmative defense; thus, defendants bear the burden of proof. Jones, 549 U.S. at 218; Anderson v. XYZ Corr. Health Serv., 407 F.3d 674, 683 (4th Cir. 2005). Defendants neglected to provide evidence demonstrating that plaintiff had not exhausted his administrative remedies for his claims against defendants W. Bell, J.

---

[1] The time line for warden responses is drawn from the GA-01.12 SCDC Policy/Procedure "Inmate Grievance System," November 1, 2004, which plaintiff cited in his response to defendants' objections to the R&R. Defendants failed to provide the court with alternative policies and procedures or deny plaintiff's assertion regarding these time-lines.

Ozmint, R. Hilton, E. Mims, and B. Obverman.[2] Thus, these defendants are not entitled to summary judgment on the grounds of exhaustion of administrative remedies.

Plaintiff is only required to exhaust "available" administrative remedies. Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). "An administrative remedy is not considered available if a prisoner, through no fault of his own, was prevented from availing himself of it." Id. (citing Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007); see also Hill v. O'Brien, No. 09-6823, 2010 WL 2748807, at *3 (4th Cir. July 12, 2010); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (finding that plaintiff lacked "available" administrative remedies where prison officials refused to provide him with necessary grievance forms). If prison officials fail to respond to an inmate grievance, further administrative remedies that require the prison officials' response are not "available" to the prisoner. See Moore, 517 F.3d at 725. In Hill v. O'Brien, the Fourth Circuit denied defendants' motion for summary judgment, in part, because defendants failed to provide evidence that they responded to plaintiff's grievance. 2010 WL 2748807, at *3; see also Troutman v. Ozmint, No. 4:06-1868, 2007 WL 2688571, at *5 (D.S.C. Sept. 11, 2007); Chronister v.

---

[2] The court notes that Grievance No. 0037-09, against R. Hilton, E. Mims, and B. Obverman, was returned to plaintiff unprocessed only one week before plaintiff filed this claim in federal court. To exhaust his administrative remedies, plaintiff should have resubmitted or appealed the decision not to process. If he had done so, the warden would have had forty days to respond to plaintiff's Step 1. Plaintiff, then, would be required to file a Step 2 form. The warden would have had sixty days to submit a response to Step 2. The court realizes that it is highly unlikely that plaintiff was able to accomplish each of these steps within the 7 days prior to filing this suit in federal court. Defendants failed to provide evidence regarding this grievance, however. On summary judgment motions, the court construes facts in the light most favorable to the non-moving party, and thus, finds that a genuine issue of material fact exists as to whether plaintiff exhausted his administrative remedies within the seven days prior to filing suit in federal court.

Metts, No. CA20422848, 2006 WL 533380, at *3 (D.S.C. Mar. 3, 2006). "Where prison officials fail to *timely* advance the inmate's grievance," plaintiff's administrative remedies are exhausted. Stenhouse v. Hughes, No. 9:04-23150, 2006 WL 752876, at *2 (D.S.C. March 21, 2006) (quoting Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004) (emphasis added); Boyd v. Corr. Corp. of Am., 380 F.3d 989, 996 (6th Cir. 2004).

Mandatory exhaustion serves "two purposes:" 1) providing "an agency 'an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court' and discouraging 'disregard of [the agency's] procedures,'" and 2) promoting efficiency by reducing the quantity and improving the quality of prisoner law suits. Woodford, 548 U.S. at 89; Porter, 534 U.S. at 524-25. When an administrative agency fails to comply with their own timeliness requirements, both of these purposes are significantly undermined. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford, 548 U.S. at 90-91.

In plaintiff's reply to defendants' objection, he claims that he attempted to exhaust his administrative remedies but that defendants refused to timely respond to his grievances. Although defendants contend that they responded to plaintiff's grievances against M. Williams, defendants' records indicate that these responses came a year and a half after plaintiff filed this claim in federal court and over five hundred and fifty-two days after plaintiff filed Step 1 Grievance No. 3386-08 and No. 3257-08 against M. Williams. This response is egregiously outside of the IGB time limits, specifically that a

grievance should never go unanswered for more than 180 days. GA-01.12 ¶ 11.

While administrative remedies need not be "speedy," <u>Porter</u>, 534 U.S. at 524-25, a defendant will be "estopped" from asserting the affirmative defense of failure to exhaust administrative remedies when defendants fail to timely respond. <u>Stenhouse</u>, 2006 WL 752876, at *2; <u>see</u> <u>Moore</u>, 517 F.3d at 725. When plaintiff filed this complaint, defendants were delinquent in responding to plaintiff's grievances against defendant M. Williams. <u>See</u> M. Coleman Aff.¶ 6. Defendants cannot rectify their failure years after a plaintiff files a complaint with the federal court. Such a result might incentivize prison officials to delay their response to an inmate's claims until after he filed a federal suit in order to provide another way to delay judicial review. Defendants provide no evidence or legal arguments explaining why the court should permit them to assert this affirmative defense in light of these circumstances. Thus, defendants fail to demonstrate that plaintiff has not exhausted his administrative remedies for claims against defendant Williams.

## <u>V. SERVICE</u>

Federal Rule of Civil Procedure 4(e)(1)-(2) requires a plaintiff to serve a defendant either by 1) following the applicable state law, 2) "delivering a copy of the summons and complaint to the individual personally," 3) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or 4) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." <u>See</u> S.C. R. Civ. P. 4(d). Plaintiff addressed the service forms for Sgt. G. Toney and Capt. Hughes to LCCC, and a United

States Marshal served a representative of LCCC based on this information. Pl.'s Reply to Def. Obj. 5. Defendants Sgt. G. Toney and Capt. Hughes no longer worked at LCCC at the time of service, and plaintiff attempted no other method of serving them. R. Peterson Aff. ¶ 3; Pl.'s Reply to Def. Obj. 5. Thus, plaintiff failed to properly serve defendants Sgt. G. Toney and Capt. Hughes. Based on the foregoing, the court rejects the magistrate judge's recommendation with regard to service and dismisses plaintiff's claims against defendants Sgt. G. Toney and Capt. Hughes without prejudice.

## VI. CROSS-MOTIONS FOR SUMMARY JUDGMENT

The court agrees with the magistrate judge's determination that genuine issues of material fact exist regarding plaintiff's other claims against defendants. Neither plaintiff nor defendants are entitled to judgment as a matter of law on the remaining claims.

## VII. CONCLUSION

For the foregoing reasons, the magistrate judge's recommendation is **ADOPTED** in part and **REJECTED** in part. The court **GRANTS** defendants' motion for summary judgment regarding the claims against defendants Sgt. G. Toney and Capt. Hughes and dismisses these claims without prejudice. The court **DENIES** plaintiff's motion for summary judgment, as well as defendants' motion for summary judgment as to all other claims. Plaintiff failed to object to the magistrate judge's recommendation regarding plaintiff's motion to strike and motion for a discovery conference; therefore, the court **DENIES** both motions.

**IT IS SO ORDERED**.

_____
**DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE**

**September 28, 2010
Charleston, South Carolina**